IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| JON C. HANSON,<br><br>   Plaintiff,<br><br>v.<br><br>DIGITAL MEDIA SOLUTIONS, LLC<br><br>   Defendant. | Case No.: 2:22-cv-2349 |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant Digital Media Solutions, LLC ("DMS" or "Defendant"), by and through its undersigned counsel of record, hereby answers the Complaint as follows:

**BACKGROUND, PARTIES, JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff asserts claims purported to arise from the receipt of telemarketing phone calls but denies that he is entitled to any relief from Defendant.

2. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 2 of the Complaint and on that basis, denies the same.

3. The allegations in paragraph 3 of the Complaint do not require a response from Defendant. To the extent that a response to the allegations is required, Defendant denies the same.

4. The allegations in paragraph 4 of the Complaint are, or purport to be in part, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant denies the same.

5. The allegations in paragraph 5 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is

1

required, Defendant states the damages allowed for violations of the TCPA are set forth in the statute, Defendant denies the allegations in paragraph 5 of the Complaint to the extent they differ from the statute, and otherwise denies the remainder of the allegations in paragraph 5 to the extent not explicitly admitted herein.

6. The allegations in paragraph 6 of the Complaint are, or purport to be in part, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant denies the same.

7. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 7 of the Complaint and on that basis, denies the same.

8. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 8 of the Complaint and on that basis, denies the same.

9. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 9 of the Complaint and on that basis, denies the same.

10. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 10 of the Complaint and on that basis, denies the same.

11. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 11 of the Complaint and on that basis, denies the same.

12. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 12 of the Complaint and on that basis, denies the same.

13. Admit.

14. Defendant denies that it conducted any business in Kansas as it concerns the facts alleged in the Complaint.

15. Admit.

1904056v1

16.     Defendant admits that part of its business operations includes telemarketing but specifically denies that it initiated any telemarketing calls to Plaintiff and/or that any calls received by Plaintiff advertised Defendant's services.

17.     Defendant admits that Digital Media Solutions, Inc. files a form 10-K as a publicly traded entity and refers to any such form for any purported representations made therein referenced by paragraph 17 of the Complaint as such a document speaks for itself.

18.     Defendant admits only so much of the allegations in paragraph 18 of the Complaint as alleges that Defendant has clients who provide mortgage options to interested consumers. Unless otherwise expressly admitted, Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant admits that Digital Media Solutions, Inc. makes filings with the Securities and Exchange Commission and refers to any such form for any purported representations made therein referenced by paragraph 19 of the Complaint as such a document speaks for itself.

20.     Defendant admits that Digital Media Solutions, Inc. makes filings with the Securities and Exchange Commission and refers to any such form for any purported representations made therein referenced by paragraph 20 of the Complaint as such a document speaks for itself.

21.     Defendant admits that it acquired a company engaged in the generation of mortgage leads but denies that it initiated any telemarketing calls to Plaintiff and/or that any calls received by Plaintiff advertised Defendant's services.

22.     Defendant admits so much of the allegations in paragraph 22 of the Complaint that allege Defendant has promoted brands which market mortgage opportunities, but denies that

it initiated any telemarketing calls to Plaintiff and/or that any calls received by Plaintiff advertised Defendant's services.

23. Defendant admits that part of its business operations includes placing telemarketing calls but specifically denies that it initiated any telemarketing calls to Plaintiff and/or that any calls received by Plaintiff advertised Defendant's services.

24. The allegations in paragraph 24 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant admits that the Court has federal question jurisdiction over Plaintiff's purported TCPA claims.

25. The allegations in paragraph 25 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant denies that diversity jurisdiction exists over Plaintiff's purported claims.

26. The allegations in paragraph 26 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant responds that it lacks sufficient information to either admit or deny whether a substantial part of the events giving rise to Plaintiff's purported claims occurred within this judicial district, denies the allegations in paragraph 26 of the Complaint.

27. Defendant admits only so much of the allegations of paragraph 27 of the Complaint as alleges that Defendant marketed mortgage-related services in 2021 and 2022. Unless otherwise expressly admitted, Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 32 of the Complaint and on that basis, denies the same.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 36 of the Complaint and on that basis, denies the same.

37. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 37 of the Complaint and on that basis, denies the same.

38. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 38 of the Complaint and on that basis, denies the same.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

## COUNT I

47. Defendant incorporates by reference its responses to each individual paragraph of the Complaint as if set forth herein.

48. The allegations in paragraph 48 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant admits the allegations in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant denies the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant admits the allegations in paragraph 50 of the Complaint but denies that Plaintiff is entitled to such relief against Defendant in this case.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

## COUNT II

56. Defendant incorporates by reference its responses to each individual paragraph of the Complaint as if set forth herein.

57. The allegations in paragraph 57 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is

required, Defendant admits the allegations in paragraph 57 of the Complaint but denies that Plaintiff is entitled to such relief against Defendant in this case.

58. The allegations in paragraph 58 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant admits the allegations in paragraph 58.

59. The allegations in paragraph 59 of the Complaint are, or purport to be, legal conclusions for which no response is required. To the extent that a response to the allegation is required, Defendant admits the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

Answering the "DEMAND FOR JUDGMENT" beginning with "WHEREFORE," including any subparts thereof, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has not suffered concrete and particularized injuries and lacks standing to bring the claims purportedly being asserted as a result.

## THIRD AFFIRMATIVE DEFENSE

3. Defendant incorporates by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

## FOURTH AFFIRMATIVE DEFENSE

4. Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant. Defendant expressly reserves the right to seek leave of court to join any such additional parties in accordance with Fed. R. Civ. P. 14(a)(1).

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred because any alleged acts or omissions of Defendant giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding Defendant's established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. Defendant acted at all times in a reasonable manner in connection with the events at issue in this case.

1904056v1

### SIXTH AFFIRMATIVE DEFENSE

6. Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant are not liable.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff has not suffered any damages due to Defendant's alleged actions.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff failed to mitigate damages, if any.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** Defendant seeks judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendant its attorneys' fees and costs incurred herein to the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as this Court deems just and proper.

1904056v1

## **DEMAND FOR JURY TRIAL**

Defendant requests a trial by jury on all issues so triable.

## **DESIGNATION OF PLACE OF TRIAL**

Defendant hereby requests Kansas City, Kansas as the place of trial.

Dated: November 7, 2022

                                   Respectfully submitted,

                                   SEIGFREID BINGHAM, P.C.

                                   By: /s/ Shannon D. Johnson
                                        Shannon D. Johnson, KS #23496
                                        2323 Grand Blvd, Suite 1000
                                        Kansas City, Missouri 64108
                                        sjohnson@sb-kc.com
                                        Telephone: 816-421-4460
                                        Fax: 816-474-3447

                                   *Counsel for Defendant Digital Media Solutions, LLC*

1904056v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2022, a copy of the foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System, including:

Christopher E. Roberts
Butsch Roberts & Associates LLC
231 S. Bemiston Avenue, Suite 260
Clayton, MO 63105
Telephone: (314) 863-5700
croberts@butschroberts.com
*Attorney for Plaintiff*

/s/ Shannon D. Johnson
*Counsel for Defendant*

1904056v1